Argued and submitted May 30, reversed and
remanded for new trial August 11, 1980

STATE OF OREGON,
*Respondent,*

*v.*

CURTIS V. HARRIS,
*Appellant.*

(No. DA 162283-7901, CA 16693)

615 P2d 363

Clara LaMarche, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals a judgment of conviction based on a jury verdict for the misdemeanor charge of disorderly conduct, ORS 166.025. His only contention is that the court erred in denying advance payment of fees and travel expenses for the attendance of two out-of-state witnesses whose attendance he intended to compel under the Uniform Act to Secure Attendance of Witnesses from Without a State in Criminal Proceedings. ORS 136.623 to 136.637.

Prior to trial defendant submitted an *ex parte* motion for advance payment of $326.20 fees and travel expenses of a witness from California and one from Washington. Defendant was indigent and requested the funds pursuant to ORS 135.055(4). Defendant did not petition the court for a certificate to compel the attendance of an out-of-state witness pursuant to ORS 136.627. Defendant contends that because ORS 136.627 requires that the requisite fees and expenses be tendered to the out-of-state witnesses at the time the subpoena is served, it was necessary for him to apply for advancement of these funds before applying for the out-of-state subpoena.[1]

The trial court denied the motion on the ground that a defendant in a misdemeanor case was not entitled to subpoena out-of-state witnesses at public expense. The court appeared also to rule that defendant was not entitled to utilize the Uniform Act provisions to compel attendance of out-of-state witnesses.

■ Defendant contends, the state concedes and we hold that the Uniform Act authorizes a defendant charged with a misdemeanor to apply for a subpoena

---

[1] Defendant also cites ORS 44.171 which provided a subpoenaed witness was not obligated to attend trial in another county more than 100 miles from his residence unless the required fees and expenses are tendered in advance. That statute was repealed June 26, 1979. Or Laws Chapter 284, § 199. Defendant's motion was filed November 27, 1979.

for an out-of-state witness. *State of Oregon v. Blount, Sr.,* 200 Or 35, 264 P2d 419, 44 ALR2d 711 (1953); *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

■　　Defendant's motion requested advancement of funds in order for him to apply for out-of-state subpoenas. The precise question posed is whether he is entitled to public funds for that purpose and if so whether he is entitled to advance payment of the requisite fees and expenses. ORS 135.055(4) provides that an indigent defendant is entitled to reasonable expenses for investigation, preparation and presentation of his defense. The preparation and presentation of a defense would include the necessary witness fees. ORS 135.055(4), when read in conjunction with ORS 135.055(5), appears to provide only for reimbursement of expenses the defendant has incurred. However, because ORS 136.627 requires that fee and travel expenses of out-of-state witnesses be tendered in advance, it follows that in order for an indigent defendant to subpoena out-of-state witnesses he must have the funds made available at the time the certificate provided by ORS 136.627 is issued.

■　　It does not follow, however, that a simple request for the funds is sufficient. When a defendant applies for funds in order to compel the attendance of an out-of-state witness pursuant to ORS 136.627, he must establish that he is entitled to a certificate seeking the attendance of the witness. ORS 136.627 provides:

"(1) If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions, or grand jury investigations commenced or about to commence, in this state, is a *material witness* in a prosecution pending in a court of record in this state, or in a grand jury investigation which has commenced or is about to commence, a judge of such court *may issue* a certificate under the seal of the county stating these facts and specifying the number of days the witness will be required. Said certificate may include a recommendation that the witness be

taken into immediate custody and delivered to an officer of this state to assure his attendance in this state. This certificate shall be presented to a judge of a court of record in the county in which the witness is found." (Emphasis added.)

The statute provides a certificate may be issued to compel the attendance of a *material* witness. The trial judge, in ruling on a request for a certificate, must determine that the requested witness is material. *State of Oregon v. Blount, Sr., supra; State v. Gann, supra.* In *Blount* the Supreme Court discussed the showing a defendant was required to make in order to compel attendance of an out-of-state witness:

"* * *It is uniformly held that statutes which require a proper and timely showing of materiality of the testimony of witnesses subpoenaed at public expense are reasonable and harmonious to the terms of the constitutional guaranty of compulsory process, and that without compliance with such provisions the defendant cannot demand as a matter of right that the witnesses be subpoenaed. (Citations omitted.)

"The requisite finding of materiality can only be made on the basis of an affidavit or other competent evidence setting forth the facts to which the proposed witness would testify. * * *" 200 Or at 54.

In *State v. Gann, supra,* the Court reaffirmed the principle that defendant must make a showing that the testimony of the requested witnesses would be material. Defendant was charged with holding a person hostage in the Oregon State Pententiary. He requested that the court compel the attendance of four former inmates of the penitentiary who were incarcerated in a federal institution in another state. The affidavit in support of the motion stated the four individuals " 'can testify that I did not wilfully and feloniously hold any hostage.' " The trial court denied the motion on the basis that there were approximately a thousand inmates in the yard of the penitentiary at the time the incident occurred and that defendant had subpoenaed five inmates who were available in the state. The trial court concluded that the testimony of

the four out-of-state witnesses would only be cumulative. The Supreme Court reversed, holding that the defendant had made an adequate showing of materiality. The Supreme Court noted that in addition to the statement in the affidavit, the district attorney informed the court that the four out-of-state witnesses had also been indicted for holding guards as hostages. The Court said:

> "* * *From these facts we can reasonably infer that these four had more knowledge of defendant's conduct than most of the other inmates." 254 Or at 566.

The Court said it was loathe to reverse a trial judge on a ruling which concerns the conduct of a trial, but stated:

> "* * *We act, however, because we conclude that the denial of defendant's request is an infringement of the defendant's constitutional right to the compulsory process of favorable witnesses. Oregon Constitution, Art I, § 11." 254 Or at 567.

The Court did not explain the role of that constitutional right in determining if an out-of-state witness was material to the defense. It appears the court was indicating that in light of the defendant's right to compulsory process, a minimal showing of materiality was all that was necessary in order for defendant to be entitled to a certificate for out-of-state subpoenas.

■      In the case here under review, defendant's motion stated:

> "These witnesses were present and involved in the incident for which defendant was arrested. I believe it is essential that these people be present to support the defendant's testimony against the six (6) police officers the prosecution intends to call as witnesses."

Defendant's counsel told the trial court that these witnesses had been arrested with defendant but were not formally charged with an offense.

The facts set forth in defendant's motion and the statements made during consideration of the motion would lead to the reasonable inference that the

two individuals sought to be subpoenaed had direct knowledge of the incident and could testify regarding the conduct of defendant and the police officers involved. We conclude that this is an adequate showing not materially different from that involved in *State v. Gann, supra.*

■ The trial court concluded that a defendant charged with a misdemeanor was not entitled to advance payment of witness fees, and therefore, it did not rule on the issue of whether the witnesses were material. Because the court refused to advance the funds requested, defendant considered that it would be futile to apply for out-of-state subpoenas. Arguably, because defendant did not attempt to compel the attendance of the out-of-state witnesses by proceeding under ORS 136.627, he cannot complain of the unavailability. of the witnesses. However, in this instance, the court's ruling that he was not entitled to advancement of the funds was tantamount to a ruling that he was not entitled to a certificate for out-of-state subpoenas. The better procedure would be to apply for the certificate under ORS 136.627 and establish the entitlement to an out-of-state subpoena. In most instances, granting of the certificate would establish the necessity for advancement of funds for the necessary fees under ORS 135.055. Adopting the procedure followed by defendant places the cart before the horse. If the funds are advanced in anticipation of an application for out-of-state subpoenas, defendant may yet be unable to obtain a certificate for various reasons including timeliness of the application and an adequate showing that the witnesses are material to the defense.

We conclude that the defendant's motion for advancement of funds to subpoena out-of-state witnesses was sufficient to raise the issue of his entitlement to subpoenas for the witnesses. The trial court's ruling on that motion effectively foreclosed compulsory attendance of the witnesses. Although defendant made no application for the subpoenas, it

would have been a futile act. The court's ruling was to the effect that defendant was not entitled to subpoena out-of-state witnesses at public expense. We conclude that in this case defendant made a sufficient showing that the witnesses were material and the presence of these witnesses might well have changed the outcome of the trial. Not providing advancement of funds for their attendance was error requiring reversal.

Reversed and remanded for new trial.